IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Willard E. Wilson,                         ) | Civil Action No.: 9:11-790-CWH-BHH |
|                                            ) | |
|       Plaintiff,   ) | |
|                                            ) | |
| vs.                                        ) | **REPORT AND RECOMMENDATION** |
|                                            ) | **OF MAGISTRATE JUDGE** |
| Home Builders Finance Inc., D/B/A          ) | |
| Owner Builder Loan Service,                ) | |
|                                            ) | |
|       Defendant.   ) | |

This matter is before the Court on the defendant's motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1), (4), (5), (6). [Doc 12.] The plaintiff also has outstanding motions for temporary, preliminary, and/or a permanent injunction, to compel, to strike, for default judgment, and to dismiss. [Docs. 2, 15.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters involving litigation by individuals proceeding *pro se* are referred to a United States Magistrate Judge for consideration. The defendants in this case originally appeared *pro se.*

## DISCUSSION

In consideration of Fed. R. Civ. P. 12(b)(1), this case does not implicate the Court's subject matter jurisdiction. The plaintiff is attempting to enjoin the defendant from "rapidly moving to conduct a judicial foreclosure on the property located at 3727 FORKS RD; ISLANDTON, S.C. 29929." (Compl. at 1.) This is not a cognizable basis for a federal case.

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332. The allegations in the Complaint do not fall within the scope of either form of this Court's limited jurisdiction, and the plaintiff has identified no other source of federal jurisdiction.

First, the averments of the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The plaintiff's allegations do not contain any specific reference to a violation of any federal statute or constitutional provision by the defendant, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. While the plaintiff summarily states that the Complaint has been brought to "dispute a pending judicial foreclosure **with federal violations**," (Compl. at 1 (emphasis added)), no "federal violations" are actually identified or somehow discernable.

In his response to the defendant's motion to dismiss, the plaintiff cites various uniform commercial code sections, as well 15 U.S.C. § 1692, 15 U.S.C. § 1666, 15 U.S.C. § 1601, 8 U.S.C. § 802, which do not actually appear in the Complaint. None are applicable here. First, the uniform commercial code is not a federal law or any other binding statutory body whatsoever; it is an aggregated statutory model, whose provisions may be codified by individual states. *See, e.g., Palmetto Linen Service, Inc. v. U.N.X., Inc.*, 205 F.3d 126 (4th Cir. 2000) (citing to S.C. Code Ann. § 36-2-318 of South Carolina's UCC). Second, the plaintiff's vague reference to the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, would not be effective. *See Hobson v. Wells Fargo Home Mortg.*, 2011 WL 3704815, at *3-4 (E.D. Mo. August 24, 2011). The FCBA amended the Truth in Lending Act ("TILA") for the purpose of protecting the consumer against unfair and inaccurate credit billing and credit card practices. *See Crestar Bank, N.A. v. Cheevers*, 744 A.2d 1043, 1047 (D.C. Cir.2000). Courts, however, have found that the FCBA only applies to open end credit plans. *See* 15 U.S.C. § 1602(f) (stating that the requirements of "chapter 4 [15 USCS §§ 1666, et seq.] . . . are by their terms applicable only to creditors offering open-end credit plans"); *Hobson*, 2011 WL 3704814, at *3-4; *Rhodes v. Whole Foods Mkt., Inc.*, 2007 WL 3256236, at *2 (W.D.Tex. Nov. 5, 2007); *Roybal v. Equifax,* 405 F.Supp.2d 1177, 1180 (E.D. Cal. 2005) (holding that "the definition of 'creditor' as used in section 1666 only applies to creditors offering open end credit plans").

An open end credit plan means a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge that may be computed from time to time on the outstanding unpaid balance.  *See Hobson*, 2011 WL 3704814, at *3-4; *Jeffries v. Dutton & Dutton, P. C.*, 2006 WL 1343629, at *6 (N.D.Ill. May 11, 2006) (citing 15 U.S.C. § 1602(I)). The plaintiff's Complaint contains no allegation that he reasonably contemplated repeated transactions with the defendant beyond the mortgage at issue; he makes no such claim even now on motion. Thus, the Complaint fails to state any claim which could be construed as arising under the FCBA. *See id.* ("[B]ecause Plaintiff's home loan is not an open-end credit plan, his claim related to billing errors under the FCBA must be dismissed.").

The plaintiff also refers to the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, in his response brief. This statute prohibits debt collectors from employing harassing, false, deceptive, misleading, or otherwise unfair or unconscionable means to collect debt. *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir.2002). An entity, however, "attempting to collect its own debt is not a 'debt collector' under the FDCPA." *Wilson v. Bank of Am. Corp., N.A.*, 2010 WL 3843781, at *4 (E.D.Mo. Sept. 27, 2010); *see also Hobson*, 2011 WL 3704814, at *3-4.  The only implication in the Complaint, here, is that the defendant is attempting to collect on its own debt in the foreclosure.  The plaintiff has not explained how it might be viewed otherwise.  Because the plaintiff fails to provide any basis to find that the defendant is a debt collector under the FDCPA, that type of claim could not provide any federal basis.

It bears repeating: none of these statutory provisions actually appear in the Complaint.  And for all the reasons discussed, the averments of the Complaint do not reasonably implicate them either.  For all these same concerns, leave to amend would also not be useful.

Lastly, a federal district court may have jurisdiction over claims based on state law if diversity jurisdiction exists. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars

($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The Complaint purports of no other conclusion than that both parties reside in South Carolina. The plaintiff has not disputed this fact in his response.

The defendant's other grounds for dismissal need not be considered.

In an earlier motion and in his response to the defendant's motion to dismiss, the plaintiff has also included what has been docketed as his own motions to strike, to dismiss, for default judgment, for injunction, and to compel. [Docs. 2, 15.] The Court would recommend the denial of all of them because the entire case should be dismissed for want of jurisdiction.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [Doc. 12] should be GRANTED and the plaintiff's various motions should be DENIED [Doc. 2, 15].

IT IS SO RECOMMENDED.

                              s/Bruce H. Hendricks
                              United States Magistrate Judge

September 27, 2011
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).